By the Court.
 

 This action originated in the court of common pleas of Cuyahoga county. As presented upon the amended and supplemental petition it became an action for specific performance of a contract for the purchase and sale of real estate. The contract was entered into on December 6, 1924. It named the Cleveland Trust Company as escrow agent, and provided for the deposit of the deed with it by the vendors, and the deposit therewith by the purchasers of the sum of $16,500, which was the balance of the purchase price above $1,000 cash paid and a $40,000 mortgage assumed by the purchasers as a part of the consideration. Under the terms of the contract the transaction was to be completed upon the presentation of a certificate of the Guarantee Title & Trust Company
 
 *42
 
 showing clear title in the vendors. The 26th day of December, 1924, was fixed as the date for the consummation of the transaction.
 

 A defect in the title necessitated an action to quiet title, and consequent delay, and by reason of the insistent demand of the purchasers that their money be returned an action in injunction was brought by the vendors, wherein an order was issued restraining the repayment of any money to the vendees. As a result of this situation a supplemental contract was entered into between the parties, wherein it was agreed to extend the time of the completion of the contract, above referred to, to August 25, 1925, specifically making that time of the essence of the contract and providing for the payment of the consideration named to the vendors on that date, in the event they obtained from the Guarantee Title & Trust Company a certificate of title in the name of the vendors, free and clear of all incumbrances other than the mortgage theretofore specifically excepted. It was further provided that in the event the Guarantee Title & Trust Company did not deliver such certificate of title by 3 p. m., August 25, 1925, the escrow agent was authorized to repay to the vendees the sum of $16,-500.
 

 Upon hearing, the Court of Appeals found that a definite time was fixed for the fulfillment of the contract for sale of the property in question, and “that time was made of the essence of the contract, and that the plaintiffs were unable to fulfill within the period of time so fixed, and that for such reason they are not entitled to specific performance or
 
 *43
 
 to any relief whatever.” Upon snch finding the court entered a decree dismissing the petition and dissolving the injunction theretofore granted.
 

 By the supplemental agreement referred to, the time for the fulfillment of the obligations of the contract is not only definitely and positively fixed, but is made the essence of the agreement. Indeed, that seems to have been the primary purpose of the execution of the supplemental contract. It clearly and specifically provides that the payment of the consideration named shall be made only upon condition that a certificate of title as required be furnished by the Guarantee Title & Trust Company by the date named, and it definitely provides that, if such condition is not met by 3 p. m. of August 25, 1925, the said sum of money shall be repaid to the purchasers. As to the definiteness of these provisions and their mandatory character, there is and can be no question. The required certificate' of title was not furnished.
 

 It is contended, however, on behalf of the vendors, that the incumbrances on said property which prevented the making of the required certificate of title could have been paid and satisfied out of the money on deposit with the Cleveland Trust Company, and that this was not done because the attorney for the vendees objected thereto and insisted that the escrow agent had no right or authority to so use it.
 

 Under the terms of the contract the trust company was not authorized to use any of the funds on deposit or to make any disposition thereof whatever until the certificate of title was furnished. Al
 
 *44
 
 though it is possible the transaction could have been completed, had such funds been made available, the vendees had a right to stand upon their contract, and it is not for the court to make a new contract for the parties or to require either of the parties to waive any of the provisions of the contract entered into.
 

 It is apparent that the consummation of the purchase and sale depended upon the ability of the vendors to clear their title and procure and present a certificate upon the designated date showing that condition. They were not able to meet that requirement until long subsequent to the time fixed. The vendors were, therefore, in no position to maintain an action for specific performance.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.