**MILLER, Plaintiff, v. AKRON PUBLIC LIBRARY et, Defendants.**

Common Pleas Court, Summit County.

No. 178915. Decided February 9, 1951.

Mark F. McChesney and Tress E. Pittenger, Akron, for plaintiff.

Roy E. Browne, City Law Director, Gillum H. Doolittle, of Buckingham, Doolittle & Burroughs, Clarence W. May, of Brouse, McDowell, May, Bierce & Wortman, Akron, for defendants.

Clarence E. Kroeger, of Berry, Underwood, Ryder & Kroeger, Akron, for defendant, The Behling Construction Company.

## OPINION

By WATTERS, J.

The question before the Court is first whether the Akron Public Library, acting through its trustees, and as established under §4840-1 GC etc., and governed by the provisions of §7627-1 through 7630-1 GC, in letting the contract for the construction of the Firestone Park Branch Library, was required to advertise for bids, and then let the contract to the lowest responsible bidder.

The petition of plaintiff, a taxpayer, alleges that the defendant, the Akron Public Library, acting through its Trustees, defendants herein, did not advertise for bids prior to awarding said contract to the defendant, The Behling Construction Company, and that the latter was not the lowest bidder.

Plaintiff seeks to enjoin all of the defendants from proceeding under said contract for the reasons stated above.

All of the defendants demur to the petition claiming that the law required no advertisement for bids, and only the exercise of good faith in the awarding of the contract to the defendant company.

There is no claim that the board acted fraudulently or in bad faith, but that it acted contrary to law as aforesaid.

Counsel for plaintiff admit in their brief that where there is no statutory requirement, a municipality or other political subdivision is not required to submit contracts for public works to competitive bidding.

They insist, however, that there is such a requirement in the Ohio Code.

It is no doubt true, as stated in plaintiff's brief (citing Miller v. Des Moines, 143 Iowa 409) that—"Experience has shown however that the interests of the public are best conserved by offering contracts for public work to the competition of all persons able and willing to perform it."

However that is a function for the legislature, and the court must interpret the laws they have provided on the subject and not the advisability of said laws.

Furthermore, I am advised that in this case the board did actually ask contractors to submit prices, and that they received nine offers, and that the defendant company bid second lowest, about $1000.00 above the lowest. The court however cannot consider these facts. It remains a fact that the board did not advertise for bids.

Under the law relating to municipal corporations' public contracts, especially §4328 GC, it is provided that all contracts calling for expenditures in excess of Five Hundred Dollars must first be advertised for bids.

Effective September 4, 1947, the Ohio Legislature revamped and recodified the entire subject of public libraries, and among other matters provided that the various boards of library trustees shall be bodies politic and corporate, (§7628 GC) and defined the powers of said library boards in §7630 GC, which sections will be set forth later herein.

Before discussing what the law is now as affected by the legislation effective September 1947, it will be interesting to investigate the authorities previous to that time which bear on the question.

The following authorities indicate the law prior to 1947 upon situations similar to our problem.

Attorney General's Opinion No. 3527, in re: Library of the City of Cleveland, 1938 Opinions of the Attorney General, page 2495, 2496 and 2497. The syllabus reads as follows:

"There are no statutes imposing restrictions upon school district public libraries for the purchase of supplies and letting of construction contracts for school district public libraries."

Attorney General's Opinion No. 2094, In re: Akron Municipal University, 1947 Attorney General's Opinions, which syllabus reads as follows:

"1. Neither the provisions of §4328 GC or of any other sec-

tions of the General Code, require the directors of a municipal university to advertise for and receive competitive bids as a condition to the making of contracts in behalf of such university."

The Attorney General in this case said as follows:

"It will be noted that there is no provision in this section (section pertaining to powers of trustees of the University of Akron) requiring any advertisement for bids, nor am I able to find any such provision in any of the statutes concerning the management of such universities. In view of the provisions to which I have called attention requiring advertisement for bids by certain municipal officers and municipal boards, in the case of contracts involving various amounts, it appears to me that the conclusion is irresistible that the general assembly intended to commit to the directors of municipal universities wide discretion in the making of contracts for the buildings and equipment considered necessary for the use of such universities, and that the general assembly did not deem it necessary to require of them similar action with respect to advertisement for bids preliminary to making contracts."

**Walsh v. City of Columbus, 36 Oh St, page 169.**

Facts—The Council appointed a committee composed of three members known as a Park Committee under Section 27 of the Municipal Code. They made a contract without advertising for bids.

Syllabus:

"(1) Section 562 of the municipal code which required the corporation to advertise for bids for the work and materials for a public improvement provided for by Chapters 48, 49 and 50, where the cost of improvement exceeded $500, had no application to an improvement of a public park belonging to the corporation."

The Court says on Page 173 as follows:

"By these provisions the power to direct all improvements of a public park is vested in the park commissioners as fully as the power to improve public burial grounds of the corporation are vested in the trustees of cemeteries, and it is nowhere made the duty of either class of public officers to advertise for or receive bids for the work or materials that go into the improvement."

On the other hand a former Attorney General in 1927 (1927 OAG Vol. 1 P 49) said that village libraries organized under §4005 GC cannot contract for construction over five Hundred Dollars ($500.00) without submitting such contracts to competitive bidding. This opinion is based on the fact that §4005 GC then in effect said "in making of contracts, the

trustees shall be governed by the provisions of law applicable thereto." It then went on to say that since the village itself could not build a library without advertising for bids, the library trustees appointed by it couldn't.

It will be noted that §4005 GC above was repealed in 1947.

Since the legislature in 1947 revamped the laws relating to public libraries, we find the following authorities:

Attorney General's Opinion No. 4122, in re Cambridge Library, 1948 Attorney General's Opinions, page 586, which syllabus reads as follows:

"Under the provisions of §7630 GC, the trustees of any of the public libraries mentioned in that section have authority to expend, for library purposes, subject to the limitations of law, all moneys credited to the free public library under their jurisdiction and generally to do all things they may deem necessary and proper for the establishment, maintenance and improvement of the public library under their jurisdiction."

The attorney general went on to say in said opinion:

"The language used as to the authorized expenditure of the library funds to 'generally to do all things they may deem necessary and proper' certainly manifests an intention on the part of the legislature to give these library boards very wide discretion."

GENERAL CODE PROVISIONS IN SUBSTANCE.

Sec. 7628 GC:

"Boards shall be bodies politic and corporate. The boards of library trustees appointed pursuant to the provisions of §§2454-1, 3405, 4004, 4840-1 and 7643-2 GC shall be bodies politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing, and disposing of real and personal property and of exercising such other powers and privileges as are conferred upon them by law."

Sec. 7630 GC. "Powers of boards. The boards of library trustees appointed pursuant to the provisions of §§2454-1, 3405, 4004, 4840-1 and 7643-2 GC shall have the following general powers, to-wit:

\*  \*  \*  \*

2. To expend for library purposes, subject to the limitations of law, all monies credited to the free public library under their jurisdiction and generally do all things they may deem necessary and proper for the establishment, maintenance and improvement of the public library under their jurisdiction;

\*  \*  \*  \*

4. To purchase, lease or erect buildings or parts of buildings to be used as main libraries, branch libraries or library service."

Sec. 7630-1 GC. "Rules of procedure; annual report. All boards of library trustees appointed pursuant to the provisions of §§2454-1, 3405, 4004, 4840-1 and 7643-2 GC, shall, in the exercise of the powers conferred upon them, be governed by the provisions of this section. * * *."

There is nothing in Section 97 of the Akron City Charter entitled "Board of Trustees of Public Library" which throws any light on the subject before us.

There are no decided cases of record in Ohio in the various courts to aid us except those noted herein. No cases apparently have been decided since 1947 when the legislature codified and revamped all the public library law, and under §§7627, 7628, 7630, 7630-1 etc., GC, fully covered the powers, etc. of the various library boards and made them bodies politic and corporate.

Under §7628 GC the legislature, as stated before, made all the various library boards bodies politic and corporate, and as such capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing and disposing of real and personal property, and of exercising such other powers and privileges as are conferred upon them by law.

In the court's opinion this made them separate and distinct entities or bodies politic and corporate, separate and apart from the municipality, the county, the school board, etc., and not agents of said bodies politic.

Under §7630 GC, entitled "powers of boards" we find subsections (2) and (4) among others, which subsections are set forth above.

The power is given to purchase, lease or erect buildings or parts of buildings to be used as main libraries, branch libraries or library service; to expend for library purposes subject to the limitations of law, all monies credited to the free public library under their jurisdiction, and generally do all things necessary and proper for the establishment, maintenance and improvement of the library under their jurisdiction.

In the court's opinion, the clause "subject to the limitations of law," found in §7630-2 GC does not refer to any requirement that the board advertise for bids preliminary to letting a contract, because there is no such requirement.

Rather it refers to other sections of the public library law passed in 1947, as for instance §7630-1 GC, covering the de-

tailed procedure of the board, and to §7627-2 and §7627-3 GC, and I believe there is some requirement that the clerk must certify that money is on hand for the purpose.

Further light is thrown on the question by the repeal by the legislature in 1947 of §4005 GC, concerning the powers and duties of trustees of University Libraries. This section as it stood before repeal provided that "In the making of contracts, the trustees shall be governed by the provisions of law applicable thereto." Many interpretations could be placed on this clause. If it meant that the trustees must advertise for bids, it is interesting to note that the legislature repealed this section, and did not specifically reenact said section, but gave all library boards the right to contract, and gave them specific powers under various sections without any requirement, as far as this court can find, as to advertising for bids, and without including said clause formerly in §4005 GC in the legislation enacted.

The Court of Appeals for Cuyahoga County in discussing the act of the legislature of 1947 relating to the law of public libraries, and which is under discussion in this case, said on March 1, 1948, in 83 **Oh Ap, 415, The State ex rel v. Main, Clerk,** etc.—

Syllabus No. 1.

"The primary purpose of the judiciary in the interpretation or construction of statutes is to give effect to the intention of the legislature, as gathered from the provisions enacted, by the application of well settled rules of interpretation, the ultimate function being to ascertain the legislative will."

My conclusion is that the Ohio Legislature intended to commit to the boards of library trustees wide discretion in the making of contracts for buildings and equipment, etc. where deemed necessary, and that it did not provide any requirement of said boards of trustees, that they advertise for bids preliminary to making contracts.

If this court has misinterpreted the legislative intention, then the legislature should definitely amend the statutes and say what the specific requirements should be as to such boards, prior to the letting of contracts.

In the court's opinion the legislature did a full and complete revamping of the public library law in 1947, and that this court has no right to read into the law that which is not there.

The various demurrers will be sustained with exceptions. Counsel will draw the proper entry.