BEAU BRUMMELL TIES, INC., APPELLEE, v. LINDLEY, TAX COMMR., APPELLANT.

(No. 78-396—Decided December 7, 1978.)

Messrs. *Taft, Stettinius & Hollister,* Mr. *Stephen M. Nechemias* and Mr. *James J. Ryan,* for appellee.

Mr. *William J. Brown,* attorney general, and Mr. *Charles M. Steines,* for appellant.

*Per Curiam.* R. C. 5733.052, authorizing combined returns, provides in pertinent part:

"(A) At the discretion of the tax commissioner, any taxpayer that owns or controls either directly or indirectly more than fifty percent of the capital stock with voting

rights of one or more other corporations, or more than fifty percent of the capital stock with voting rights of which is owned or controlled either directly or indirectly by another corporation, or by related interests that own or control either directly or indirectly more than fifty percent of the capital stock with voting rights of one or more corporations may be required or permitted, for purposes of computing the value of the issued and outstanding shares of stock under divisions (A) and (B) of Section 5733.05 of the Revised Code, to combine its net income with the net income of any such other corporations shall then set forth such information as the commissioner may require.

"(B) A combination of net income may also be made at the election of any two or more taxpayers, provided the ownership or control requirements contained in the preceding subdivision are satisfied and such combination sets forth such information as the commission requires. This election, however, made by two or more such taxpayers, may not be changed by such taxpayers with respect to amended returns or returns for future years without the written consent of the commissioner."

Very simply, paragraph (A) gives the Tax Commissioner discretion in permitting or requiring combined returns in certain situations while paragraph (B) outlines the conditions precedent under which a combination return may be elected by taxpayers. Paragraph (B) contains no language giving the commissioner the power or authority to disapprove such an election or to require taxpayers desiring to file a combined return to obtain the approval of the commissioner.

The commissioner argues that his power to disapprove such an election derives from reading R. C. Chapter 5733 as a whole and divining the legislative intent. The commissioner urges that he has the power to deny a combined return if such return does not properly reflect the extent of the business activity in Ohio of the related taxpayers. However, "(i)n determining the legislative intent of a statute it is the duty of this court to give effect to the words used [in a statute], not to delete words used *or to insert*

*words not used.'* (Emphasis added.) *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.*, 20 Ohio St. 2d 125, at 127." *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 28. If the General Assembly had desired to make a combined return under R. C. 5733.052 (B) subject to the commissioner's approval it could easily have put such language into the statute, as evidenced by paragraph (A) and by the fact that his approval is necessary under paragraph (B) to abandon the use of a combined return once adopted.'

This court has aptly stated its role in construing a statute in *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621, paragraphs one and two of the syllabus:

"1. The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the lawmaking body which enacted it. * * *

"2. But the intent of the law-makers is to be sought first of all in the language employed, and if words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction."

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is, therefore, affirmed.

*Decision affirmed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, POTTER, SWEENEY and LOCHER, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for P. BROWN, J.