ENGEL, APPELLANT, *v.* CORRIGAN, JUDGE, ET AL., APPELLEES.

(No. 46332—Decided November 7, 1983.)

*Mr. Roger J. Kalbrunner,* for appellant.

*Mr. John D. Maddox,* director of law, and *Mr. Michael A. Pohl,* for appellees.

GREY, J. This is an appeal from the Court of Common Pleas of Cuyahoga County. Defendant-appellee, the Honorable Eddie Corrigan, Judge of the Municipal Court Housing Division, sent a letter to plaintiff-appellant, George L. Engel, notifying him his services as "housing court specialist" would no longer be required, effective January 8, 1982. In April 1982, appellant filed a declaratory judgment action against appellee and the Cleveland Municipal Court, requesting the trial court to declare that he had been unlawfully terminated from his employment, to order him reinstated and to assess damages for lost compensation. Appellee's motion for summary judgment was granted by the trial court. Appellant has appealed, alleging one assignment of error.

"The trial court erred in granting the defendant-appellee's motion for summary judgment as there are genuine issues [as] to material facts; the defendant-appellee is not entitled to judgment as a matter of

law, and reasonable minds cannot come to but one conclusion on these matters."

Appellant's complaint states five causes of action. The first four causes of action allege appellant was a classified civil service employee and he was unlawfully laid off. Appellant's fifth cause of action alleges he was improperly discharged from his position because his letter of termination did not set forth the reasons for his discharge in contravention of Cleveland Civil Service Rule 9.20.

Appellant's entire case is premised on his claim he was a classified civil service employee. Appellee's motion for summary judgment contains documentary evidence which refutes this claim. Of particular importance is the oath taken by appellant and the journal entry appointing appellant, which clearly states appellant was appointed Deputy Bailiff-Housing Court Specialist pursuant to R.C. 1901.32(F). R.C. 1901.32(F) provides, in pertinent part:

"In the Cleveland municipal court, the chief clerks and all deputy clerks are in the classified civil service of the city of Cleveland. The clerk, the chief deputy clerks, the probation officers, one private secretary, one personal stenographer to the clerk, and one personal bailiff to each judge are in the unclassified civil service of the city of Cleveland. *The bailiff, chief deputy bailiffs, and all deputy bailiffs appointed after January 1, 1968, are in the unclassified civil service of the city of Cleveland.* Upon demand of the clerk, the civil service commission of the city of Cleveland shall certify a list of those eligible for the position of deputy clerk. From the list, the clerk shall designate chief clerks and such number of deputies as the legislative authority determines.

"The chief deputy clerks, the chief clerks, and all other deputy clerks shall receive such compensation as the clerk prescribes. The bailiff, all deputy bailiffs, and assignment room personnel shall receive such compensation as the court prescribes.

"*Any appointee under sections 1901.01 to 1901.37 of the Revised Code may be dismissed or discharged by the same power which appointed him.*" (Emphasis added.)

Engel's motion in opposition to summary judgment contains his own affidavit, appellee's letter informing appellant his services were no longer needed and a copy of an ad from the Daily Legal News for the position of Chief Housing Court Specialist. The averments made by Engel simply re-state his position he was a civil service employee. This position is totally contradicted by appellee's documentary evidence.

A reviewing court, upon an appeal from a summary judgment, should look at the record in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ* (1974), 37 Ohio St. 2d 150, 151-152 [66 O.O.2d 311]. Having done so this court can come but to one conclusion. Appellant's employment was governed by R.C. 1901.32(F), and therefore his termination was proper as a matter of law. Appellant's assignment of error is therefore overruled.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

STILLMAN and WISE, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Eighth Appellate District.

WISE, J., of the Fifth Appellate District, sitting by assignment in the Eighth Appellate District.