WATSON, APPELLANT AND CROSS-APPELLEE, *v.* TOLEDO LABOR SERVICE, INC., APPELLEE AND CROSS-APPELLANT.■

(No. L-87-252—Decided March 18, 1988.)

*George Fell,* for appellant and cross-appellee.

*Baker & Hostetler* and *Mark A. Johnson,* for appellee and cross-appellant.

*Per Curiam.* This cause is before this court from a judgment rendered by the Lucas County Court of Common Pleas.

Appellant and cross-appellee, James M. Watson, filed a timely notice of appeal asserting the following as his sole assignment of error:

"1. The Court of Common Pleas erred in granting Defendant-Appellee's Motion for Summary Judgment because the C-112 Agreement is void on its face since the contract for hire was entered into in the State of Ohio in direct contradiction of the requirements set forth in Section 4123.54 of the Revised Code."

Appellee and cross-appellant, Toledo Labor Services, Inc., filed a cross-appeal asserting the following as its assignments of error:

"1. The court of common pleas erred in not finding that appellant's injuries were caused by his intoxication and that compensation was thus barred in R.C. 4123.54(B).

"2. Appellant's intoxication constituted an abandonment of his employment, so that his injuries incurred while in that condition did not arise out of his employment."

On or about March 26, 1985, James M. Watson applied for a position as a truck driver with Toledo Labor Services, Inc., in Toledo, Ohio.

Toledo Labor Services operates two offices in Gary, Indiana, and one in Toledo, Ohio. It is in the business of providing drivers for trucking companies but remains the employer of those drivers.

On March 27, 1985, Watson was hired by Toledo Labor Services and executed a number of documents including a C-112 agreement. Said agreement purported to select Indiana as the state for adjudication of any workers' compensation claims filed by or on behalf of Watson.

Watson was assigned to drive for Northern Steel Transport. On January

5, 1986, Watson was contacted by Northern Steel Transport in Toledo to haul a load to Chicago. After delivery in Chicago, he was instructed to drive to Gary, Indiana, in order to pick up another load that was to be delivered to Cleveland, Ohio. After finishing business in Chicago, Watson stopped at a restaurant for dinner. During that time, he consumed three "fishbowls" of draft beer.

After dinner, Watson began driving toward Gary, Indiana. Approximately thirty minutes to one hour after leaving Chicago and while exiting the interstate in Indiana, Watson lost control of his truck and drove off the ramp. The vehicle then flipped onto its side. Watson was arrested for driving while under the influence of alcohol and later pleaded guilty to said offense.

Watson subsequently filed a claim for workers' compensation through Toledo Labor Services' insurance company in Indiana, Liberty Mutual Insurance Company. However, that claim was denied based on the laws of Indiana which provide that injuries sustained while under the influence of alcohol during the scope of the employment cannot be compensated.

On March 5, 1986, Watson filed for workers' compensation benefits in Ohio. This claim was denied by the district hearing officer, then by the Toledo Regional Board of Review, and finally by the Industrial Commission. Said claim was denied on the basis of the C-112 agreement executed by Watson designating Indiana as the state for adjudication of workers' compensation claims.

Watson subsequently filed an appeal in the Lucas County Court of Common Pleas pursuant to R.C. 4123.519 on March 5, 1987. Toledo Labor Services filed a motion for summary judgment on June 10, 1987. The trial court granted Toledo Labor Services' motion, holding that the C-112 agreement executed by Watson was valid and that all the requirements of R.C. 4123.54 had been met. It is from that judgment that Watson appeals.

Watson contends that the C-112 agreement is invalid because the contract of employment was not entered into in a state other than Ohio.

R.C. 4123.54 states, in pertinent part:

"Whenever, with respect to an employee of an employer who is subject to and has complied with sections 4123.01 to 4123.94 of the Revised Code, there is possibility of conflict with respect to the application of workers' compensation laws *because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed.* Such agreement shall be in writing and shall be filed with the industrial commission within ten days after it is executed and shall remain in force until terminated or modified by agreement of the parties similarly filed. * * *" (Emphasis added.)

As stated by the trial court, the purpose of R.C. 4123.54 is "* * * to allow affected parties to resolve, in advance, the legal issues regarding contract situs and employment situs which might crop up because of particular situations involved in multi-state employment and which might affect the rights of parties in workers' compensation cases. * * *" However, in order for an agreement opting coverage in another state to be effective, R.C. 4123.54 must be fully complied with

Toledo Labor Services argues that since the situs of the contract of hire is determined by many factors, and since

Watson did, in fact, have many contacts with the state of Indiana, the trial court was correct in granting its motion for summary judgment since all the requirements set forth in R.C. 4123.54 were complied with.

There is no question that the C-112 agreement executed by Watson was timely filed with the Industrial Commission and was not later modified or terminated. Furthermore, Toledo Labor Services complied with the laws of the state of Indiana in providing coverage for Watson. However, although it is true that a large portion of Watson's work was performed outside the state of Ohio, the evidence is undisputed that Watson and Toledo Labor Services entered into the contract of employment *in Toledo, Ohio.* R.C. 4123.54 specifically provides that agreements such as the one in the case *sub judice* may be entered into when there is a possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into in a state *other* than Ohio and a portion of the work is to be performed outside this state.[1]

The statute does not address contracts for hire nor does it state that a number of factors may be considered in determining the situs of employment in cases such as the instant one. Rather, it specifically sets forth in clear and unequivocal terms that the contract of employment must be *entered into* in a state other than Ohio.

This court is not empowered to read into the law that which is not there. *Miller* v. *Akron Public Library* (C.P. 1951), 60 Ohio Law Abs. 364, 370, 96 N.E. 2d 795, 798-799. Furthermore, in determining legislative intent, it is the duty of this court to give effect to the plain meaning of the language used in the statute. See *Beau Brummell Ties, Inc.* v. *Lindley* (1978), 56 Ohio St. 2d 310, 10 O.O. 3d 438, 383 N.E. 2d 907.

Accordingly, we find Watson's sole assignment of error well-taken.

In its cross-appeal, Toledo Labor Services argues that R.C. 4123.54(B) should be applied retroactively.

R.C. 4123.54(B) states that an employee who was injured during the scope of employment who was intoxicated or under the influence of a controlled substance not prescribed by a physician is not entitled to receive compensation for the loss sustained on account of such injury where such intoxication or impairment is the proximate cause of the injury. This amendment to the statute became effective August 22, 1986.

Section 28, Article II of the Ohio Constitution reads as follows:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state."

The Ohio Supreme Court has held that this section of the Constitution only applies to laws affecting substantive rights and "* * * has no application to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review. *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937),

---

[1] Courts sometimes treat the conjunctive "and" and the disjunctive "or" as interchangeable, but to do so in this case would do violence to the plain meaning of the statute. See *Colonial Mortgage Service Co.* v. *Southard* (1978), 56 Ohio St. 2d 347, 349, 10 O.O. 3d 481, 482, 384 N.E. 2d 250, 252.

132 Ohio St. 537; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70. * * *" *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 117, 11 O.O. 3d 290, 292, 387 N.E. 2d 231, 233.

Toledo Labor Services maintains that R.C. 4123.54(B) is remedial in nature in that it merely codifies existing case law and, therefore, may be constitutionally applied retroactively.[2]

After a thorough review of existing case law, we conclude that R.C. 4123.54(B) can only be defined as substantive in nature in that it "* * * creates duties, rights, and obligations * * *" rather than "prescrib[ing] methods of enforcement of rights or obtaining redress. * * *" *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 178, 40 O.O. 2d 162, 164, 228 N.E. 2d 621, 623. That is, it removes any liability of the Bureau of Workers' Compensation if a worker is intoxicated at the time of injury or death, *i.e.,* it operates as a complete defense.

Toledo Labor Services contends that R.C. 4123.54(B) should be applied retroactively since it merely codified existing law. However, there is absolutely no legal basis for this proposition. Furthermore, although the Supreme Court has held that an employee who is so impaired by the consumption of alcohol that he is unable to perform his job can be said to have abandoned his job for purposes of workers' compensation claims, it is clear that the issue of abandonment turns upon the particular facts in each case. See *Phelps* v. *Positive Action Tool Co.* (1986), 26 Ohio St. 3d 142, 26 OBR 122, 497 N.E. 2d 969.

Accordingly, we find Toledo Labor

Services' first assignment of error not well-taken.

Toledo Labor Services further contends that Watson's voluntary intoxication rendered him incapable of performing his work and, therefore, he was not within the scope of his employment at the time of the accident. Toledo Labor Services relies on *Phelps* v. *Positive Action Tool Co., supra.*

Whether an employee is so impaired due to alcohol consumption that he is unable to perform his duties is clearly a question of fact. In the case *sub judice,* the police report states that the primary cause of the accident was that the driver's speed was unsafe for the type of road and existing conditions. The consumption of alcohol was deemed to be a contributing factor, according to the reporting officer. Therefore, there was ample evidence to deny Toledo Labor Services' motion for summary judgment based on this argument since a question of fact exists as to whether Watson was so intoxicated that he abandoned his employment.

Finally, a reviewing court is obligated to examine the record on appeal in a light most favorable to the party opposing the motion for summary judgment. See *Engel* v. *Corrigan* (1983), 12 Ohio App. 3d 34, 12 OBR 121, 465 N.E. 2d 932; *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 66 O.O. 2d 311, 309 N.E. 2d 924. In the case *sub judice,* when the facts are reviewed in this light, it is apparent that summary judgment in favor of Toledo Labor Services was improperly granted.

Accordingly, we find Toledo Labor

---

[2] In *Phelps* v. *Positive Action Tool Co.* (1986), 26 Ohio St. 3d 142, 145, 26 OBR 122, 125, 497 N.E. 2d 969, 972, the Supreme Court held that the employee's "* * * voluntary intoxication was tanta-

mount to his abandonment of employment and that his injury was proximately caused by his gross state of intoxication * * *" and, therefore, he was not entitled to workers' compensation.

Services' second assignment of error not well-taken.

Wherefore, we find substantial justice has not been done the party complaining, and the judgment of the court of common pleas is hereby reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision.

*Judgment reversed and cause remanded.*

RESNICK, P.J., and GLASSER, J., concur.

CONNORS, J., dissents.