SKIBA, Appellant,

v.

MAYFIELD, Admr., et al., Appellees.

[Cite as *Skiba v. Mayfield* (1989), 61 Ohio App.3d 373.]

Court of Appeals of Ohio,
Trumbull County.

No. 88–T–4098.

Decided April 3, 1989.

*Dan S. Knisley,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Diane J. Karpenski,* for appellees James L. Mayfield, Administrator, and Industrial Commission of Ohio.

*Flask & Policy* and *Constant A. Prassinos,* for appellee Regal Transportation, Inc.

Ford, Judge.

Plaintiff-appellant Fred Skiba appeals the decision of the Trumbull County Court of Common Pleas of June 29, 1988, which affirmed the Industrial Commission's refusal to permit him to participate in the Workers' Compensation Fund.

Appellant was an employee of Regal Transportation, Inc. ("Regal") of Niles, Ohio. On April 3, 1986, while in the course and scope of his employment as a truck driver, he slipped while loading his truck, injuring his back and neck. Appellant filed for workers' compensation, but his claim was disallowed based

on the finding that he had elected to be covered by, and had received benefits from, the state of Indiana. The appeal to the regional board of review affirmed the decision of the district hearing officer. A subsequent appeal to the Industrial Commission proved equally fruitless.

On July 16, 1987, Skiba appealed the decision to the Trumbull County Court of Common Pleas. In its findings of fact and conclusions of law filed June 29, 1988, the trial court found that appellant had voluntarily and intelligently designated Indiana as the state of exclusive remedy, and that he applied for benefits under Indiana law. A "C–112" agreement signed on October 5, 1985, the day appellant commenced employment, designated the state of Indiana as the state of coverage for workers' compensation claims.

In its judgment entry filed June 29, 1988, the trial court held that R.C. 4123.54 controlled, and that since appellant agreed to be covered by the state of Indiana, he was precluded from receiving benefits from the state of Ohio. Appellant has timely appealed that decision, raising four assignments of error:

"1. The trial court improperly found that the appellant, Fred Skiba, voluntarily and intelligently executed the C–112 agreement and agreed that his exclusive remedy for an industrial injury would be under the workers' compensation Act of Indiana.

"2. The trial court improperly found that the requirements of Ohio Revised Code 4123.54 allowing for the C–112 agreement has been complied with and controlled an agreement filed between the appellee and the appellant Fred Skiba.

"3. The trial court improperly concluded that appellee, Regal Transportation, operated equally for gross traffic purposes in Ohio and Indiana.

"4. The trial court improperly concluded that the contract of employment was made in Indiana and that contract of employment is defined as the place of performance in regards to Ohio Revised Code 4123.54. That the parties entered into a contract for performance of work in the State of Indiana and by agreement the workers' compensation law of Indiana became a part of the contract and the exclusive remedy of appellant was to seek compensation in that state."

Although appellant raises four assignments of error, he does not address his third assignment of error. Therefore, pursuant to App.R. 12(A) and *State v. Rivers* (1977), 50 Ohio App.2d 129, 4 O.O.3d 100, 361 N.E.2d 1363, we will disregard it. Appellant's remaining assignments of error will not be discussed in numerical sequence in order to provide a more logical analysis.

■ In his fourth assignment of error, appellant asserts that the trial court improperly concluded that the contract of employment between Regal and him was executed in Indiana.

A reading of the pertinent findings of fact and conclusions of law, filed by the court on June 29, 1988, reveals that the trial court was referring to the C–112 agreement, *not* the contract of employment in this context. Other language employed by the trial court demonstrates that it understood and concluded that the C–112 form was signed by the appellant in Niles, Ohio. The C–112 agreement states that Indiana workers' compensation is to be the exclusive remedy in the event of an injury. The court observed that:

"Where a contract is made in one state and is to be performed in another, the law of the place of performance (Indiana) governs the contract. Here, the parties entered into a contract for the performance of work in the State of Indiana and by agreement the Workers' Compensation Law of Indiana became a part of the contract and the exclusive remedy of the Plaintiff was to seek compensation in that state."

It is obvious that the trial court was referring to the C–112 agreement when it used the words "contract," "performed" and "performance" in the quoted language above. The interpretation adopted by this court regarding the language of the trial court in this regard is that the C–112 agreement modified the basic employment contract here by specifying that the law of the forum of Indiana would govern all matters relating to issues arising under workers' compensation and, in essence, that prospectively all such claims were to be filed by affected employees in Indiana. The argument that the trial court is referring to the employment contract in the above quotation is unsound because the court states that Indiana workers' compensation law became part of the contract. Again, the logical conclusion here is that the trial court was referring to the C–112 contract, not the original or basic employment contract. The trial court did not state that the contract of employment was executed in the state of Indiana. Therefore, appellant's fourth assignment of error must fail.

■ In his second assignment of error, appellant contends that the trial court erred by finding that R.C. 4123.54 had been satisfied, and that the C–112 agreement operated to deny him workers' compensation under Ohio law.

R.C. 4123.54(B) states in pertinent part:

"Whenever, with respect to an employee of an employer who is subject to and has complied with sections 4123.01 to 4123.94 of the Revised Code, *there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or*

*some portion of the work is or is to be performed in a state or states other than Ohio,* the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or some portion of the work of the employee is to be performed." (Emphasis added.) See 141 Ohio Laws, Part I, 718, 764.

Appellant claims that the language of R.C. 4123.54 unequivocally states that in order for an employer and employee to be able to agree to be bound by the laws of another state when all or part of the employee's work is performed in that state, not only must some or all of the employee's work be performed in a state other than Ohio, but the contract of employment must also be entered into in a state other than Ohio. The record here is clear that the employment contract in question was entered into in Niles, Ohio. Appellant claims that since the contract of employment was concluded and executed in Ohio, R.C. 4123.54 has not been complied with and the C–112 agreement is void.

A very similar case factually is *Watson v. Toledo Labor Service, Inc.* (1988), 46 Ohio App.3d 141, 546 N.E.2d 424. In both *Watson, supra,* and the case at bar, the appellants were truck drivers with routes between Ohio and Indiana. Both appellants chose Indiana as the state for adjudication of workers' compensation claims by executing a C–112 agreement. In both cases, the appellants were injured within the scope of their employment and both employment contracts were entered into in Ohio.

Unlike the case at bar, the appellant in *Watson* was injured in Indiana but was denied benefits under Indiana law because his injury was a result of his arrest for operating a motor vehicle while under the influence of alcohol. Appellant here was injured in Ohio and received benefits through the state of Indiana. Nevertheless, both appellants applied for workers' compensation benefits under Ohio law and both were denied these benefits because the C–112 agreement signed by them stated that Indiana would be the state providing the exclusive remedy.

On appeal to the Sixth District Court of Appeals, the appellant there claimed, as does appellant here, that the C–112 agreement is invalid because the contract of employment was not entered into in a state other than Ohio.

The *Watson* court in essence stated that in order for the C–112 agreement to be effective, there must be literal compliance with all of the requirements of R.C. 4123.54. After finding that the contract of employment there was entered into in Ohio, the court of appeals found appellant's assignment of error to be well-taken. The court stated that R.C. 4123.54 " * * * specifically sets forth in clear and unequivocal terms that the contract of employment must be *entered into* in a state other than Ohio.

"This court is not empowered to read into the law that which is not there. *Miller v. Akron Public Library* (C.P.1951), 60 Ohio Law Abs. 364, 370, 96 N.E.2d 795, 798–799. Furthermore, in determining legislative intent, it is the duty of this court to give effect to the plain meaning of the language used in the statute. See *Beau Brummell Ties, Inc. v. Lindley* (1978), 56 Ohio St.2d 310, 10 O.O.3d 438, 383 N.E.2d 907." *Watson, supra,* 46 Ohio App.3d at 143, 546 N.E.2d at 426.

Although there are some differences between the facts of *Watson* and the present case, they are insignificant for purposes of this appeal. The substantive similarities between the two cases are that both appellants entered into their employment contracts in the state of Ohio, executed a C–112 agreement making another state's workers' compensation law the exclusive remedy in the event of an injury, and were denied Ohio compensation based upon the C–112 agreement.

Appellee's primary argument regarding the construction and the interpretation to be applied to the language contained in R.C. 4123.54 is that the conjunction "and" after the phrase "entered into" is to be read in the disjunctive, and that the diction "in a state or states other than Ohio" is only to modify "all or some portion of the work is or is to be performed." Thus, it argues the words "because the contract of employment is entered into" are to be considered in a bifurcated or separate manner.

In *Colonial Mortgage Serv. Co. v. Southard* (1978), 56 Ohio St.2d 347, 349, 10 O.O.3d 481, 482, 384 N.E.2d 250, 252, the court stated:

"Under R.C. 5301.232(B), an advance made by the holder of an open-end mortgage has priority over other liens unless the mortgagee (1) has notice of the other liens *and* (2) is not obliged to make the advance. Because the two conditions are joined by an 'and,' meaning 'in addition to,' both conditions must be met before the advance may be subordinated to the other liens. Courts will sometimes treat the conjunctive 'and' and the disjunctive 'or' as interchangeable, but they will not do so when such a construction will do violence to the plain meaning of the statute. See *In re Estate of Marrs* (1952), 158 Ohio St. 95, 99 [48 O.O. 46, 47–48, 107 N.E.2d 148, 150]."

Hence, it is our view that the intended meaning of the pertinent language of R.C. 4123.54 is to be read in a conjunctive or dual requirement fashion. As the court in *Watson* correctly points out, we are not empowered to read into the law that which is not there, *Miller, supra,* and it is our duty to give effect to the plain meaning of the statute's language.

The wording of R.C. 4123.54 is unambiguous and unequivocal. That statute provides that an employer and an employee may agree to be bound by the workers' compensation laws of another state whenever there is a possibility of

conflict with respect to the application of the workers' compensation laws because the contract of employment is entered into *and* all or part of the work is performed in a state other than Ohio. This means that in order for R.C. 4123.54 to apply, *inter alia*, the contract of employment must be entered into in a state other than Ohio. This was not done here.

■  Therefore, we agree with the Sixth District Court of Appeals that there is not total compliance with R.C. 4123.54 if the contract of employment is entered into in Ohio. Since appellant's employment contract was created in Ohio, we hold that R.C. 4123.54 has not been satisfied, and that the C–112 agreement is invalid. While appellant's second assignment of error is therefore with merit, substantial justice requires that since he has already received benefits through Indiana's workers' compensation law, appellant now receives from the state of Ohio only that portion of the benefits he would have been entitled to under Ohio law which represents the excess amount, if any, over the amount already received from the state of Indiana.

Since we have held that the C–112 agreement is not valid, the determination of whether the trial court improperly ruled that appellant had voluntarily and intelligently executed the agreement is academic. Parenthetically, we note that the parties did not raise the question as to whether R.C. 4123.54 is an inappropriate impairment of the rights and duties inuring under a contract. *Trustees of Dartmouth College v. Woodward* (1819), 17 U.S. (4 Wheat.) 518, 4 L.Ed. 629. Consequently, we do not address such issue.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for a determination of the amount of Ohio workers' compensation benefits to which appellant may be entitled under the laws of Ohio, if any.

*Judgment accordingly.*

CHRISTLEY and GLASSER, JJ., concur.

GEORGE M. GLASSER, J., of the Sixth Appellate District, sitting by assignment.