STEERS, Appellee,

v.

CITY OF CINCINNATI et al., Appellants; Rees et al.

[Cite as *Steers v. Cincinnati* (1992), 78 Ohio App.3d 437.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910290.

Decided Feb. 26, 1992.

Roger R. Chacksfield, for appellee.

Fay D. DuPuis, City Solicitor, Julie F. Bissinger and James F. McCarthy, Assistant City Solicitors, for appellants.

---

Per Curiam.

On February 16, 1988, the plaintiff-appellee, Daniel H. Steers ("appellee"), filed a complaint[1] seeking, inter alia, injunctive relief and a declaratory judgment against various defendants, including the city of Cincinnati ("city"), the city's civil service commission ("commission"), and a myriad of individuals who may have had an interest in an examination, numbered 87–66, held November 22, 1987, for the position of lieutenant in the city's police department (hereafter collectively referred to as "appellants"). The events that generated the appellee's complaint are essentially undisputed. From November 27, 1987 through December 1, 1987, the commission conducted hearings to allow the examinees the opportunity to voice their protests to the examination.[2] As a result of these hearings, the commission made various changes to the examination, including the deletion of seventeen items, because the subject of those items " * * * was not on the examinees' reference study list, not job related and unfair to the applicants." Appellee alleged in his complaint that with the deletion of the seventeen items from the examination, his score was reduced by approximately 8.17 points, thereby reducing his standing on the commission's promotional eligibility list from first or second to fifteenth place. Appellee demanded that the court declare that the commission's actions were unconstitutional and unreasonable, and that the examination was void. Appellee also sought an order from the trial court enjoining the appointment of certain police officers and awarding attorney fees. Following a period of discovery, the parties each filed cross-motions for summary judgment. On February 1, 1989, the trial court placed of record an entry granting the appellee's motion for summary judgment and denying the appellants' motion. The appellants' original appeal to this court was dis-

---

1. An amended complaint was filed on June 28, 1988.

2. These protest hearings are referred to in the record as "gripe sessions."

missed for lack of jurisdiction because the appellee's claim for attorney fees had not been ruled upon by the trial court.

On April 12, 1991, the trial court placed of record an entry which denied the appellee's application for attorney fees and reaffirmed its decision as to the cross-motions for summary judgment.

Although the parties each filed appeals challenging the judgment of the trial court,[3] the only appeal now before this court is the appellants', numbered C–910290, in which they urge, in a single assignment of error, that the trial court erred by granting the appellee's motion for summary judgment. We are unpersuaded.

To begin our analysis of this cause, we note that the appellants admit that:

"Article V, Section 3 of the [city's charter] restricts the City Council from enacting any civil service legislation that would modify the provisions of the laws of the State of Ohio relating to the Civil Service and Civil Service Commission 'except as otherwise provided' in said charter."

Therefore, the Ohio statutes pertaining to the civil service control the powers of the commission unless the city's charter provides otherwise. To this end the Ohio Supreme Court has stated:

"Nevertheless, some form of charter authorization is necessary to enable municipalities to adopt ordinances or administrative rules that will prevail over statutory provisions in case of conflict." *State ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St.3d 106, 109, 524 N.E.2d 447, 450.

R.C. 124.45, which pertains to promotional examinations for firefighters, provides in pertinent part:

"After a promotional examination has been held and prior to the grading of such examination papers, each participant in said promotional examination shall have a period of five days, exclusive of Saturdays, Sundays, and holidays, to inspect the questions, the rating keys or answers to the examination and to file any protest he may deem advisable * * *."

R.C. 124.44, which applies to police officers, does not contain a provision which allows the examinees to protest the promotional examination. The commission, however, promulgated Section 6, Rule XI, which does set forth the procedures for objecting to promotional examinations administered to the police and fire departments. The appellants do not cite any authority within the city's charter which authorizes the commission to adopt the above rule, see

---

**3.** The appellee withdrew his appeal, numbered C–910371, on October 15, 1991, in which he challenged the trial court's judgment denying his application for attorney fees.

*State ex rel. Bardo, supra,* but they do argue that authority for the rule exists in R.C. 124.40(A), which reads in part:

"Such municipal civil service commission shall prescribe, amend, and enforce rules not inconsistent with this chapter for the classification of positions in the civil service of such city * * *. The municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city * * * as prescribed in this chapter and conferred upon the director of administrative services and the State Personnel Board of Review with respect to civil service of the state; and all authority granted to the director and the board with respect to the service under their jurisdiction shall, except as otherwise provided by this chapter, be held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction * * *."

We find the appellants' reliance upon R.C. 124.40 to be misplaced. In *Beau Brummell Ties, Inc. v. Lindley* (1978), 56 Ohio St.2d 310, 311, 10 O.O.3d 438, 439, 383 N.E.2d 907, 908, the court observed:

"However, '[i]n determining the legislative intent of a statute it is the duty of this court to give effect to the words used [in a statute], not to delete words used *or insert words not used.*'" (Emphasis in original.)

Based upon our analysis of the cause *sub judice,* we conclude that the trial court did not err by granting summary judgment to the appellee. Accordingly, the judgment of the Hamilton County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., HILDEBRANDT and UTZ, JJ., concur.