DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, George Lyons, appeals the judgment of the Huron County Court of Common Pleas. For the following reasons, the judgment is affirmed. *Page 2 
 {¶ 2} Lyons entered into a purchase agreement with St. Paul's Lutheran Church, appellee herein, to buy a parcel of land. The purchase agreement was effective August 15, 2005, and set a date for closing on September 30, 2005, specifying that time was of the essence. No closing occurred, and on October 3, 2005, the parties executed an amendment extending the closing until March 30, 2006.
 {¶ 3} On December 19, 2005, St. Paul's filed an action to quiet title to the parcel. It named as defendants three grantors of the land, or their unknown heirs. Attached to St. Paul's complaint were two deeds whereby St. Paul's had received its interest in the land. The first deed to St. Paul's, recorded in 1948, was executed by Dora M. Brookes and Anna E. Miller and contained a clause stating:
 {¶ 4} "The above described premises are to be used for church purposes, but for no other use or purpose whatsoever, and that if any time the premises hereabove described shall cease to be used for church purposes said premises will revert back to said Grantors, their heirs and assigns forever."
 {¶ 5} The second deed to St. Paul's, recorded in 1863, was executed by Philip Bolenbacher and contained the following clause:
 {¶ 6} "Bollenbacher agrees to let the said directors and their Successors in office have the entire use and occupancy of the above described lot of land so long as the same shall be occupied and used as a place of public worship by the Church above specified and the said directors agree for themselves and their Successors in office to yield the quiet possession of said land to said Bolenbacher or his heirs or assigns whenever said Church ceases to occupy said premises for the use above specified." *Page 3 
 {¶ 7} Service of the complaint was had by publication, and 11 heirs of Brookes, Miller, and Bollenbacher submitted answers and a counter-claim seeking quiet title against St. Paul's. Subsequently, ten of the heirs assigned their interest to one heir, Barbara L. Beiler, defendant below and appellee herein.
 {¶ 8} The March 30, 2006 date of closing elapsed and Lyons and St. Paul's executed two more written extensions. The last closing date was set for December 31, 2006. The parties allowed this closing date to pass, and Lyons does not dispute that he did not contact St. Paul's to express interest in or negotiate another extension of closing. Instead, on February 20, 2007, Lyons filed a motion to intervene as plaintiff in the quiet title action, which was permitted by the trial court. He also asserted cross-claims against St. Paul's for specific performance and unjust enrichment. On March 5, 2007, St. Paul's dismissed its claim to quiet title, leaving Beiler's cross-claim to quiet title against St. Paul's pending.
 {¶ 9} Lyons and Beiler filed cross-motions for summary judgment on the issue of whether the purchase agreement between Lyons and St. Paul's was void for having lapsed. St. Paul's filed a motion in opposition to Lyons' motion for summary judgment.
 {¶ 10} In granting summary judgment to Beiler, the trial court held that St. Paul's made reasonable and diligent efforts to provide good title, as the purchase agreement required, by pursuing the quiet title action until "such time as it believed the reversionary interests were valid." It further held that, under the purchase agreement, Lyons had two options: either accept title from the church or be entitled to return of the earnest money he *Page 4 
deposited. It found Lyons unwilling to accept the property from St. Paul's with a defect in the title, found the purchase agreement expired, and ordered St. Paul's to return Lyon's earnest money.
 {¶ 11} Lyons appealed that judgment and now assigns three errors for review:
 {¶ 12} "I. The trial court reversibly erred when it granted defendant Beiler's motion for partial summary judgment in that the pleadings and affidavits of Lyons placed a material fact in dispute: whether the conduct of Lyons indicated an intent to accept the property with the allegedly clouded title.
 {¶ 13} "II. The trial court reversibly erred when it ruled that the purchase agreement between St. Paul's and Lyons is null and void and that Lyons cannot enforce his rights under the agreement after December 31, 2006, when in fact Lyons filed his action well within the statute of limitations period for actions on a written agreement.
 {¶ 14} "III. The trial court reversibly erred when it ruled that the purchase agreement between St. Paul's and Lyons terminated after December 31, 2006."
 {¶ 15} Because appellant's three assignments of errors are related, we address them jointly. We review the grant of summary judgment de novo, applying the same standard as the trial court. Engel v. Corridan (1983),12 Ohio App.3d 34, paragraph one of the syllabus. "A de novo review is conducted without deference to the trial court's decision. Brewer v.Cleveland City Schools Bd. of Edn. (1997), 122 Ohio App.3d 378, 383;Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704. Summary judgment is properly granted when the evidence, construed most strongly in favor of the *Page 5 
nonmoving party, demonstrates that there is no genuine issue of material fact and that reasonable minds can come to only one conclusion. Civ.R. 56(C)." Auto-Owners Ins. Co. v. Merillat, 167 Ohio App.3d 148,2006-Ohio-2491, ¶ 5.
 {¶ 16} A purchase agreement for real estate is a written contract whose construction is a matter of law. Kellie Auto Sales, Inc. v.Rahbars Ritters Ents., L.L.C., 172 Ohio App.3d 675, 2007-Ohio-4312, ¶ 13, citing Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph one of the syllabus. "Common words in a written contract will be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clearly evidenced from the face or overall content of the contract." Id., citing Alexander, paragraph two of the syllabus. "Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. If the contract is unambiguous, then there is no question of fact to be determined. However, if a term cannot be determined from the four corners of a contract, a factual determination of intent or reasonableness may be necessary to supply the missing term." Seneca Valley, Inc. v. Caldwell, 156 Ohio App.3d 628, 633-634,2004-Ohio-1730, ¶ 28 (internal quotations and citations omitted). "If a contract is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; instead, the court must give effect to the agreement's express terms." Uebelacker v. Cincom Systems, Inc. (1988),48 Ohio App.3d 268, 271. *Page 6 
 {¶ 17} Two conditions precedent in the purchase agreement are determinative. "[A] condition precedent is one that is to be performed before the agreement becomes effective. It calls for the happening of some event, or the performance of some act, after the terms of the contract have been agreed on, before the contract shall be binding on the parties." Mumaw v. Western Southern Life Ins. Co. (1917),97 Ohio St. 1, 11.
 {¶ 18} First, the purchase agreement was conditioned upon St. Paul's ability to deliver clear, marketable title. The conditional clause states: "TITLE: An Owner's Fee Policy of Title Insurance in the amount of the purchase price, shall be issued, showing Seller or Insuring Purchaser, good and merchantable title in fee simple, free and clear of all liens and encumbrances except those specifically set forth in this Agreement. * * * . If a defect in title appears, Seller shall have thirty (30) days after notice to remove such defect. If the defect cannot be remedied, then, at the option of the purchaser, all funds and documents shall be returned to the parties depositing them and this Agreement shall be null and void." Thus, if St. Paul's could not fulfill the condition precedent, Lyons had the option to either accept title with the possible reversionary cloud, or negate the purchase agreement.
 {¶ 19} Second, the purchase agreement provided that time was of the essence as to the entire contract. "When it is said that time is of the essence, the proper meaning of the phrase is that the performance by one party at the time specified in the contract or within the period specified in the contract is essential in order to enable him to require performance from the other party." Lake Ridge Academy v. Carney (1993), *Page 7 
66 Ohio St.3d 376, 378, quoting 6 Williston on Contracts (3 Ed.1962) 181, Section 846. The purchase agreement also contained a clause stating that the purchase agreement contains "all the terms and conditions agreed upon by the parties * * *. Any amendment or modification hereof must be in writing and signed by the parties, all terms and conditions shall survive the closing."
 {¶ 20} Where time is of the essence in closing upon a purchase agreement, and the time for closing has elapsed without action by the parties, the purchase agreement is void. Chef Italiano Corp. v. KentState University (Feb. 21, 1992), 11th Dist. No. 91-P-2308, at 4. A party does not have to declare a breach in order for a breach to have occurred. Id. See, also, Glick v. Galier (1927), 116 Ohio St. 41 (where time is of the essence and vendors cannot deliver clear title as required by condition precedent, purchase agreement is void at vendee's option).
 {¶ 21} Here, time was of the essence with respect to the closing date of December 31, 2006. St. Paul's was unable to deliver clear title by that date, despite, as the trial court found, it having made a good faith effort to do so. Therefore, according to the purchase agreement, Lyons had two options: Either he could have accepted the clouded title and proceeded with closing, or demanded return of his deposit and declared the purchase agreement void.
 {¶ 22} Lyons exercised neither option and took no action until nearly two months later, when he intervened in the quiet title action between St. Paul's and Beiler. In all of his assignments of error, at bottom, he argues that because he did not exercise his option *Page 8 
to declare the contract void, he may still exercise his option to proceed under the purchase agreement. He points to his claim for specific performance as evidence of his intent to take whatever title St. Paul's could convey.
 {¶ 23} This argument fails, however, because time was of the essence with respect to the date of closing. St. Paul's quiet title action had been pending for over one year before the December 31, 2006 closing date. Lyons should have communicated his intent to accept a clouded title before that date in order to proceed under the purchase agreement. In his affidavit attached to his motion for summary judgment, Lyons states that he was ready, willing and able to perform under the purchase agreement and remained so, that he has not received a refund of his earnest money deposit, and that St. Paul's had not performed. He did not, however, assert that he communicated his intention to accept clouded title pursuant to the purchase agreement. In order to have continued the validity of the purchase agreement and proceed by accepting a clouded title, Lyons would have had to-at least — show that he communicated this intent to St. Paul's prior to the December 31, 2006 closing date. George Wiedemann Brewing Co. v. Maxwell (1908),78 Ohio St. 54, syllabus.
 {¶ 24} Alternatively, Lyons argues that the parties' course of conduct over the life of the purchase agreement indicates their intent to disregard the "time is of the essence" clause. That is, because Lyons and St. Paul's had executed three amendments extending the purchase agreement subsequent to each successive closing date, the clause was waived. He argues that he reasonably interpreted the parties' past performance as an *Page 9 
indication that the purchase agreement would survive the December 31, 2006 closing date.
 {¶ 25} "Waiver as applied to contracts is a voluntary relinquishment of a known right." White Co. v. Canton Transp. Co. (1936),131 Ohio St. 190, paragraph one of the syllabus. Waiver may be accomplished by a party's conduct. "A party to a contract who, after discovery or knowledge of facts which would entitle him to rescind, treats the contract as a subsisting obligation and leads the other party to believe the contract is still in effect, waives his right to rescind."English v. National Cas. Co. (1941), 138 Ohio St. 166, 169.
 {¶ 26} Here, upon discovering the difficulties St. Paul's was encountering in the quiet title action, and upon the passage of each closing date, Lyons was entitled to opt for rescission or a clouded title. Neither party, when executing the extension amendments, expressly waived their right to exempt the next closing date from the universal "time is of the essence" clause in the contract. That is, upon the passage of each closing date, Lyons did not "treat the contract as a subsisting obligation," but instead — three times — executed express, written, subsequent closing dates. Undisputedly, Lyons did not request or attempt to negotiate another extension amendment to the purchase agreement.
 {¶ 27} Therefore, Lyons' intervention in the quiet title action does not create a genuine issue of material fact as to his intent to take unmarketable title. The "time is of the essence" clause, the parties' course of conduct in executing express written extensions, and Lyons' failure to expressly waive the clause or exercise an option under *Page 10 
the purchase agreement combine to demonstrate that reasonable minds could only conclude that the purchase agreement is void for having lapsed without a written extension. "We recognize the fact that, where a contract is plain and unambiguous, it does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto and a corresponding advantage to the other exists * * *." Ohio Crane Co. v. Hicks (1924), 110 Ohio St. 168, 172.
 {¶ 28} There being no genuine issue of material fact, the trial court properly granted summary judgment to Beiler. For all of the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1