COLONIAL MORTGAGE SERVICE COMPANY, APPELLANT, *v.*
SOUTHARD ET AL., APPELLEES.

(No. 78-296—Decided December 7, 1978.)

348

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Stephen Buchenroth, Messrs. Meltzer & Schiffrin, Mr. Herbert Linsenberg* and *Mr. Robert J. Klein,* for appellant.

*Mr. John T. Ducker* and *Mr. Harry P. Rife,* for appellees.

WILLIAM B. BROWN, J. The sole issue raised by the instant cause is whether, pursuant to R. C. 5301.232, the subcontractors are entitled to priority over Colonial with regard to the distribution of the proceeds from the foreclosure of the Southards' mortgage.

R. C. 5301.232 controls the instant cause. The mortgage held by Colonial was a properly recorded open-end mortgage securing any advances made by Colonial up to the total $2,000,000 which Colonial agreed to advance (R. C. 5301.232[A]) and doing so regardless of when, after recording, those advances were made (R. C. 5301.232[B]). As such, Colonial's mortgage is also subject to the lien prior-

ity provisions of R. C. 5301.232. These provide, in pertinent part:

"(B) * * * If such an advance is made after the holder of the mortgage receives written notice of a lien or encumbrance on the mortgaged premises which is subordinate to the lien of the mortgage, *and if* such holder is not obligated to make such advance at the time such notice is received, then the lien of the mortgage for the unpaid balance of the advance so made is subordinate to such lien or encumbrance. * * *"

Under R. C. 5301.232(B), an advance made by the holder of an open-end mortgage has priority over other liens unless the mortgagee (1) has notice of the other liens *and* (2) is not obliged to make the advance. Because the two conditions are joined by an "and," meaning "in addition to," both conditions must be met before the advance may be subordinated to the other liens. Courts will sometimes treat the conjunctive "and" and the disjunctive "or" as interchangeable, but they will not do so when such a construction will do violence to the plain meaning of the statute. See *In re Estate of Marrs* (1952), 158 Ohio St. 95, 99. In the instant cause, the meaning of the statute is clear. Moreover, most American cases follow the rule that obligatory advances made after liens like those in the instant cause enjoy priority over those liens whether or not the mortgagee has notice of those liens. Osborne on Mortgages, 295, Section 120. Given the fact that open-end mortgages serve mortgagors by saving them money on interest and refinancing charges and mortgagees by allowing them to withhold portions of the total loan until the value of their collateral increases (Osborne, *supra*, 276, at Section 113), we can understand why the General Assembly chose, pursuant to R. C. 5301.232, to adopt the majority rule.

Since R. C. 5301.232 allows intervening liens like those held by the subcontractors to gain priority over open-end mortgage advances only if the mortgagee has notice of the lien and if he is not obligated to pay the advance, we must

determine whether Colonial had notice before it made its thirteenth advance and also whether Colonial was obligated to make that thirteenth advance.[1]

R. C. 5301.232(E)(4) defines an obligation to make an advance in the following manner:

"A holder of a mortgage is 'obligated' to make an advance if such holder or the person to whom the payment of such advance is owed has a *contractual commitment* to do so, even though the making of such advance may be conditioned upon the occurrence or existence, or the failure to occur or exist, of any event or fact * * *."

The terms governing Colonial's payment of advances to the Southards are contained in a building loan agreement entered into by the mortgagee and mortgagors. That agreement contains certain conditions precedent to paying advances (Section 7). However, it also calls for mandatory advances—ones which "shall be made" (Section 6)—to be paid in installments of not more than once monthly during the construction period; and it provides for termination of those advances only on default of the mortgagor (Section 11) or payment of the $2,000,000 ceiling on the loan (Sections 1 and 6).

Under the building loan agreement governing the payment of advances from Colonial to the Southards, Colonial was contractually committed to make that thirteenth advance. In *Wayne Bldg. & Loan Co.* v. *Yarborough* (1967),

---

[1]Neither court below addressed the second question. Indeed, the trial court appears to have assumed the advance to be obligatory when it adopted the following reasoning in its opinion:

"It is the opinion of this court that all obligatory disbursements made by a future advance mortgagee pursuant to an open-end mortgage take priority over an intervening lien to the extent that such disbursements are made prior to the time when the future advance mortgagee acquires *actual* knowledge of a default by the future advance mortgagor and *actual* knowledge of the work or labor performed or to be performed, or of the machinery, materials, or fuel furnished or to be furnished for the construction of the project contemplated in their open-end mortgage, the same as in the case when the future advance mortgagee receives the written notice required in O. R. C. Sec. 5301.232 (B)."

11 Ohio St. 2d 195, 220, this court found advances under a mortgage not to be obligatory because the mortgagee was not obligated to "advance a certain and definite sum in a particular manner." Colonial was so obligated. Under its building loan agreement, it was required to advance a maximum of $2,000,000 in installments of not more than one a month during the period of construction. Moreover, the only events under the agreement which would render Colonial's payment of the thirteenth advance non-obligatory would be the Southards' default or Colonial's having advanced the total $2,000,000.[2] At the time the thirteenth advance was made, neither of these events had occurred. We find, therefore, that Colonial was obliged to make the thirteenth advance. Because Colonial was so obligated, advance 13 does not fall within that portion of R. C. 5301.232(B) subordinating advances made with notice and without obligation.[3] The trial court erred in granting the subcontractors priority in the foreclosure action. The Court of Appeals' affirmance of the trial court's grant of priority is, accordingly, reversed.

*Judgment reversed.*

P. Brown, Acting C. J., Herbert, Holmes, Sweeney and Locher, JJ., concur.

Celebrezze, J., dissents.

Holmes, J., of the Tenth Appellate District, sitting for Leach, C. J.

---

[2]The fact that the agreement contained conditions precedent to payments of a given advance does not affect the obligatory nature of those advances. R. C. 5301.232(E)(4).

[3]Having determined that Colonial's thirteenth advance was obligatory, it is not necessary for us to address the issue discussed by the courts below, of whether actual knowledge of the subcontractors' work constitutes notice under R. C. 5301.232(B).