FOUR SEASONS DEVELOPERS, INC. ET AL., APPELLANTS, v. SECURITY FEDERAL SAVINGS & LOAN ASSOCIATION, APPELLEE.

(No. 1055—Decided March 18, 1983.)

Mr. *Dennis J. Ibold,* for appellants.
Mr. *Sherman S. Hollander,* Mr. *Fred J. Ball* and Mr. *Wallace E. King,* for appellee.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Geauga County wherein the court granted summary judgment for defendant. We affirm.

The judgment entry of Judge Veit is well-reasoned and is as follows:

"This case was tried to the court on February 24, 1982 and March 3, 1982. The court finds that:

"(1) Plaintiffs were the beneficial owners of Sublot #19, Bridle Trail Estates, Munson Township.

"(2) Plaintiffs sold to Bob Henfield, Inc., the said vacant lot for $21,700.00. Henfield paid $2,000 down. The balance was secured by a second mortgage. The sale was conditioned upon Henfield obtaining construction financing.

"(3) Henfield obtained construction financing from the defendant.

"(4) The defendant disbursed the proceeds of the construction loan negligently in that it failed to compare disbursement requests with the cost estimates furnished by Henfield; it disbursed funds in duplicate; and it disbursed funds without invoices.

"(5) As a result, the improvements made from these loan disbursements did not result in corresponding values added to the premises, and plaintiffs' security by reason of its second mortgage was diminished.

"(6) The premises was sold at Sheriff's sale for less than the amount due on defendant's first mortgage.

"(7) The dwelling house was only partially completed and the undisbursed loan funds were insufficient to pay for the completion of the dwelling house.

"(8) The defendant knew at all times that speculation builders such as Henfield would seek construction financing without having paid for the vacant land. Defendant's claim of ignorance is not convincing to the court.

"However, the issue in this case is whether the defendant building and loan association owed to the plaintiff land developers a duty to protect their second mortgage interest. The court has no

precedent for such a legal theory, and concludes there is no such legal duty.

"Land development is a speculative business by its very nature and the more so when a developer sells a lot to a builder and expects to be paid from the proceeds of a sale to the ultimate consumer. Then, the developer willingly assumes an additional risk because he knows that the value of the land and improvements may not be high enough to pay him for the lot.

"The court holds that, absent a contractual obligation, there exists no legal obligation from the defendant to protect the junior interests of the developer.

"This case is, therefore, dismissed at plaintiffs' cost and judgment is hereby entered accordingly."

### Assignment of Error

"The trial court erred in granting defendant's motion for summary judgment and finding that no duty was owed by defendant to plaintiffs."

Plaintiffs-appellants argue that as a matter of public policy there should be a duty on the part of a senior lienholder to protect the interests of subordinate lienholders. However, there is no precedent in Ohio for finding such a duty on the part of the senior lienholder.

The protection which is available to subordinate lienholders is set forth in R.C. 5301.232, which provides in subsection (B):

"A mortgate complying with division (A) of this section and securing unpaid balances of loan advances referred to in such division is a lien on the premises described therein from the time such mortgage is delivered to the recorder for record for the full amount of the total unpaid loan indebtedness, including the unpaid balances of such advances that are made under such mortgage, plus interest thereon, regardless of the time when such advances are made. *If such an advance is made after the holder of the mortgage receives written notice of a lien or encumbrance on the mortgaged premises which is subordinate to the lien of the mortgage, and if such holder is not obligated to make such advance at the time such notice is received, then the lien of the mortgage for the unpaid balance of the advance so made is subordinate to such lien or encumbrance. * * *"* (Emphasis added.)

Subsection (D) further provides that a written notice shall be signed by the lienholder and shall set forth the description of the real property to which it relates, and the pertinent information including the volume and page of the record of the mortgage over which priority is claimed. The notice must be delivered personally or by registered or certified mail to the holder of the mortgage. The statute embodies the pre-existing Ohio case law on the subject. See *Colonial Mortgage Service Co.* v. *Southard* (1978), 56 Ohio St. 2d 347 [10 O.O.3d 481]; *Wayne Bldg. & Loan Co.* v. *Yarborough* (1967), 11 Ohio St. 2d 195 [40 O.O.2d 182]. See, generally, 24 Ohio Jurisprudence 3d, Creditors' Rights, Section 919. Had proper written notice of the interest of the second mortgage holder been provided, and if it were established that the disbursements made by defendant-appellee included payments which the defendant was "not obligated to make," plaintiffs would have had a cause of action. However, the record does not indicate that plaintiffs complied with the statutory requirement of giving written notice of their interest.

Further, this court has recently decided the issue presented in plaintiffs' assignment of error in *Four Seasons Developers, Inc.* v. *Peoples Savings & Loan Co.* (Jan. 28, 1983), Geauga App. No. 1026, unreported. For these reasons, the assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cook, P.J., and Ford, J., concur.