291 B.R. 438 (2003)
In re D.A.T. HOSPITALITY, LLC, Debtor.
Hotel Builders of Ohio, Inc., Plaintiff,
v.
D.A.T. Hospitality, et al., Defendants.
Bankruptcy No. 02-59365. Adversary No. 02-02410.
United States Bankruptcy Court, S.D. Ohio, Eastern Division.
January 16, 2003.
*439 Michael T. Gunner, Esq., Hilliard, OH, James P. Tyack, Esq., Tyack, Blackmore & Liston Co. LPA, Columbus, OH, for Hotel Builders of Ohio, Inc.
Kristen J. Brown, Esq., Greg R. Wehrer, Esq., Squire, Sanders & Dempsey L.L.P., Columbus, OH, Bradley K. Johnston, Esq., Squire, Sanders & Dempsey L.L.P., Cincinnati, OH, for United Midwest Savings Bank.
Michael Bornstein, Esq., Timothy S. Rankin, Esq., Columbus, OH, for D.A.T. Hospitality, LLC.
Stephen E. Klein, Esq., Vandalia, OH, for Carolina Builders Corporation d/b/a Stock Building Supply.
Jason H. Watson, Esq., Troy J. Aramburu, Esq., Alston & Bird LLP, Atlanta, GA, for Six Continents Hotels, Inc.
Kenneth R. Cookson, Esq., Dinsmore & Shohl, LLP, Columbus, OH, for LawnScapes.
OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
BARBARA J. SELLERS, Bankruptcy Judge.
This matter is before the Court on the motion to dismiss for failure to state a claim filed by defendant United Midwest Savings Bank ("United Midwest"). Plaintiff Hotel Builders of Ohio, Inc. ("Hotel Builders") opposes the motion and has also sought leave to amend its complaint. United Midwest filed a memorandum contra the motion for leave to amend.
This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(K).
Hotel Builders brought this action for a determination that its mechanic's lien is a first and best lien on certain real property owned by the Debtor and situated in Union County, Ohio. United Midwest has an open-end mortgage against this same real property which mortgage Hotel Builders alleges is inferior to its mechanic's lien.
Motions to dismiss for failure to state a claim are not favored. Such a motion, however, will be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
Hotel Builders original complaint stated that it caused to be filed a Notice of Commencement on April 6, 2001, in the Office of the Union County Recorder. According to its Affidavit of Mechanic's Lien, Hotel Builders performed work and furnished materials with respect to improvements on the Debtor's real estate from July 15, 2001, to June 14, 2002. See Exhibit C to Complaint. The complaint further alleges that United Midwest filed its open-end mortgage in the Union County Recorder's Office on April 9, 2001, at 10:26 a.m. Hotel Builders contended that because its mechanic's lien related back to the Notice of Commencement, the effective date was April 6, 2001. This would mean that the *440 mechanic's lien was superior to United Midwest's mortgage. See Ohio Rev.Code § 1311.13(F).
On October 7, 2002, Hotel Builders amended its complaint to clarify that the actual filing date of the Notice of Commencement was April 9, 2001. This amendment is borne out by the time stamp of the Union County Recorder which shows the filing occurred on April 9, 2001, at 10:31 a.m. See Exhibit D to Complaint. Thus, the Notice of Commencement was, in fact, filed after United Midwest's mortgage.
United Midwest initially argued that in light of the order in which the liens were filed, Ohio Rev.Code § 1311.14 established the priority of its mortgage over Hotel Builders' mechanic's lien. In response to that argument, Hotel Builders countered that to be entitled to the priority afforded by § 1311.14, United Midwest must show that the mortgage proceeds were used and applied for the purposes of the statute. Upon further reflection, United Midwest then determined that § 1311.14 was inapplicable to the question of priority in this case because this statute only applied to situations where the construction mortgage was recorded after the Notice of Commencement. Instead, United Midwest points to Ohio Rev.Code § 5301.232 as the controlling statute in this case.
The Court agrees with United Midwest's realization that § 1311.14 has no application to this dispute. See French's Inc. v. Dominic Constr., Inc., 1995 WL 1100094 (Ohio App. 11 Dist. June 30, 1995) (statute applies only to construction mortgages filed after the commencement of improvements). Where, as in this case, the mortgage is an open-end mortgage recorded before the commencement of improvements, Ohio Rev.Code § 5301.232 governs its priority.
An open-end mortgage that complies with the requirements of § 5301.232(A) is a lien on the premises from the date of recording regardless of when advances are made. Ohio Rev.Code § 5301.232(B). Hotel Builders does not allege that United Midwest' mortgage is not a proper open-end mortgage for purposes of § 5301.232(A). Furthermore, the Court's own review of the open-end mortgage, which is attached as Exhibit E to the complaint, indicates no basis for concluding that the mortgage does not satisfy the requirements of § 5301.232(A).
Under § 5301.232(B), then, United Midwest had a valid lien against the Debtor's real property prior to the filing of the Notice of Commencement. Because Hotel Builder's mechanic's lien relates back only to the time the Notice of Commencement was filed, it is subordinate to the open-end mortgage. The only way United Midwest would lose its priority under § 5301.232(B) is if it made advances after receiving written notice of an intervening lien and such advances were not obligatory. Colonial Mortg. Service Co. v. Southard, 56 Ohio St.2d 347, 384 N.E.2d 250, 252 (1978).
Hotel Builders filed its mechanic's lien on July 18, 2002. Because Hotel Builders did not allege that United Midwest made any advances after that date, its mechanic's lien would remain subordinate to the entire unpaid balance of United Midwest's mortgage even if all of the factual allegations in the complaint are accepted as true.
Hotel Builders' second amended complaint would further allege that United Midwest failed to comply with the payment provisions of Ohio Rev.Code § 1311.14. While the Court is mindful that leave to amend should be freely granted when justice requires, it has already determined that § 1311.14 does not apply to this dispute. In light of this determination, Hotel *441 Builders' proposed amendment would be futile.
Based on the foregoing, the Court GRANTS United Midwest's motion to dismiss for failure to state a claim and DENIES Hotel Builder's motion for leave to amend its complaint.
IT IS SO ORDERED.