OPINION
{¶ 1} Appellant, Dalejo Farm, Inc., appeals from the October 14, 2003 judgment entry of the Portage County Court of Common Pleas, granting the motion for summary judgment of appellee, FirstMerit Bank, N.A.
 {¶ 2} On January 30, 2002, appellee filed a complaint for foreclosure against appellant and defendants, Robert J. Andrews ("Robert Andrews"), Sandra Andrews, KeyBank National Association, and Metropolitan Bank and Trust. On February 21, 2002, appellant filed an answer, counterclaim, and cross-claim. Appellee filed a reply to the counterclaim on February 27, 2002.
 {¶ 3} On May 8, 2002, Maureen T. Frederick ("Frederick"), treasurer of Portage County, filed a motion to intervene pursuant to Civ.R. 24, which was granted by the trial court on May 9, 2002. Also, on May 9, 2002, Frederick filed an answer.
 {¶ 4} On January 17, 2003, appellant filed a first amended answer, counterclaim, and cross-claim. Appellee filed a reply to the counterclaim on February 14, 2003.
 {¶ 5} On April 28, 2003, appellee filed a motion for summary judgment pursuant to Civ.R. 56. On June 11, 2003, appellant filed a partial brief in opposition to appellee's motion for summary judgment, a motion pursuant to Civ.R. 56(F) for an extension of time to file its full brief, and a partial motion for summary judgment on its counterclaim. On June 17, 2003, appellee filed a reply brief. On June 18, 2003, the trial court granted appellant's motion for additional time to file a full brief, however, appellant failed to comply.
 {¶ 6} Pursuant to its October 1, 2003 judgment entry, the trial court granted appellee's motion for summary judgment on its claim for foreclosure against appellant as well as granted appellee's motion for summary judgment on the counterclaims of appellant.
 {¶ 7} The facts emanating from the record are as follows: on March 2, 2000, appellant entered into a real estate purchase agreement with Robert Andrews as purchaser for the sale of seventy-five acres of vacant real property located on Chamberlain Road in Mantua Township, Portage County, Ohio. The purchase price for the property was $750,000. The contract called for a cash deposit of $250,000 at the closing, and the balance of $500,000 evidenced by a promissory note, which was signed by Robert Andrews on April 19, 2000. Repayment of the note was secured by a mortgage granted by Robert Andrews and Sandra Andrews to appellant.
 {¶ 8} Specifically, the agreement provided that: "[t]he Note shall be secured by a purchase money first mortgage * * * encumbering the property, which Seller agrees to subordinate to Buyer's development loan. * * * Buyer agrees that the development loan to Buyer shall not exceed $500,000.00, and that said funds shall be used solely to fund the subdivision improvements." Also included in the agreement was a provision which stated that: "[b]uyer shall use the property for the purpose of developing the same into a single family residential subdivision and for no other purpose."
 {¶ 9} On April 21, 2000, the following documents were filed with the Portage County Recorder: (1) at 2:31 p.m., a general warranty deed from appellant to Robert Andrews; (2) at 2:31 p.m., a mortgage from Robert Andrews and Sandra Andrews to appellee; (3) at 2:33 p.m., an assignment of rents/leases from Robert Andrews to appellee; and (4) at 2:33 p.m., a mortgage from Robert Andrews to appellant.
 {¶ 10} Due to the failure of Robert Andrews to make payments on appellee's note, appellee filed a foreclosure action. Appellant was named as a defendant because of its mortgage interest in the property.
 {¶ 11} Pursuant to its October 14, 2003 judgment entry, the trial court indicated that appellee is entitled to judgment as a matter of law, therefore, appellee's motion for summary judgment was granted on October 1, 2003. The trial court also denied appellant's partial motion for summary judgment and dismissed appellant's counterclaim with prejudice and at appellant's cost. The trial court stated that Frederick is entitled to taxes, accrued taxes, assessments, and penalties, the exact amount to be determined at the time of sale. The trial court held that the sum of $524,485.62 plus interest at the rate of 10.25% per annum from November 29, 2001, is due to appellee. The trial court further ordered that unless the costs, taxes, interest, and advances are paid or caused to be paid within three days of this entry, the equity of redemption of appellant and all defendants to the premises shall be foreclosed and sold at a sheriff's sale. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 12} "The trial court erred in granting summary judgment in favor of [appellee] where genuine issues of mortgage priority exist[.]"
 {¶ 13} In its sole assignment of error, appellant raises six issues and argues that the trial court erred in granting summary judgment in favor of appellee.
 {¶ 14} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 15} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact on amaterial element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 16} If the moving party satisfies this burden, then the nonmoving party has the burden, pursuant to Civ.R. 56(E), to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. TheBrown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled "if reasonable minds could find for the party opposing the motion." Id.
 {¶ 17} Because appellant's first and second issues are interrelated, they will be addressed in a consolidated fashion. In its first issue, appellant alleges that where the record shows that appellee is not rightfully in the first position on the mortgage, appellee has failed to establish an essential element necessary for summary judgment, therefore, judgment cannot be entered for appellee due to the existence of genuine issues of material fact. In its second issue, appellant contends that equitable subrogation of appellee's mortgage is appropriate and demonstrates the existence of an issue of material fact. As such, appellant argues that it is entitled to have its purchase money mortgage in first position with priority over appellee's mortgage under the doctrine of equitable subrogation/subordination.
 {¶ 18} This court stated in Assoc. Financial Services Corp.v. Miller (Apr. 5, 2002), 11th Dist. No. 2001-P-0046, 2002 Ohio App. LEXIS 1565, at 7-8, that:
 {¶ 19} "[g]enerally speaking, `subrogation is the "substitution of one person in the place of another with reference to a lawful claim or right."' [Tower City TitleAgency, LLC v. Flaisman (Apr. 20, 2001), 11th Dist. No. 2000-L-070, 2001 Ohio App. LEXIS 1837, at 2, quoting Fed. HomeLoan Mtge. Corp. v. Moore (Sept. 27, 1990), 10th Dist No. 90AP-546, 1990 Ohio App. LEXIS 4263, at 2.] Unlike conventional subrogation, which is premised on the contractual obligations of the parties, equitable subrogation `"(* * *) arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid."' State v.Jones (1980), 61 Ohio St.2d 99, 102, * * * quoting Fed. UnionLife Ins. Co. v. Deitsch (1934), 127 Ohio St. 505, 510 * * *." (Parallel citations omitted.) {¶ 20} In the case at bar, appellant argues that it was not in control of the mortgage documents at the time of filing because it had given the documents to Approved Statewide Title, who filed them late.[1] Thus, appellant stresses that it never possessed the documents to file and secure its claim of priority over the property. We are not persuaded by appellant's contention.
 {¶ 21} Appellant had full control over the choice of escrow agents in this transaction. Under the doctrine of imputed negligence, any negligence on the part of the agent, Approved Statewide Title, i.e. late filing, is directly imputed to the principal, appellant. See Clark v. Southview Hosp. and FamilyHealth Ctr. (1994), 68 Ohio St.3d 435, 438. Thus, it is irrelevant that appellant did not have the documents in its possession since it voluntarily gave them to Approved Statewide Title, an agent of its own choosing. "Equitable subrogation will not be used to benefit parties who were negligent in their business transactions, and who were obviously in the best position to protect their own interests." Miller, supra, at 12, citing Leppo, Inc. v. Kiefer (Jan. 31, 2001), 9th Dist Nos. 20097 and 20105, 2001 Ohio App. LEXIS 293, at 6. Appellant's first and second issues are without merit.
 {¶ 22} In its third issue, appellant alleges that appellee's loan was not used as a development contract as required by appellant's contract. As such, appellant relies on R.C. 1311.14
and stresses that appellee may not maintain priority over the purchase money mortgage received by appellant.
 {¶ 23} R.C. 1311.14 deals with a construction loan when its priority is challenged by a mechanic's lien claimant. Thus, R.C.1311.14 does not apply to this case.
 {¶ 24} Rather, R.C. 5301.23 is applicable here. R.C.5301.23(A) provides that: "[a]ll properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. The first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference."
 {¶ 25} In the instant matter, appellant's agent, Approved Statewide Title, recorded appellant's mortgage two minutes after appellee had recorded its mortgage. As such, pursuant to R.C.5301.23, appellant's purchase price mortgage was recorded after appellee's mortgage and is of lower priority than appellee's mortgage. Appellee's mortgage enjoys priority over appellant's mortgage regardless of the language contained in appellant's mortgage. Thus, what the mortgage money proceeds were used for is irrelevant to the central issue of priority in this matter. Appellant's third issue is without merit.
 {¶ 26} Because appellant's fourth and sixth issues are interrelated, they will be addressed in a consolidated manner. In its fourth issue, appellant contends that the conduct of appellee in failing to control and properly disburse the money loaned pursuant to the construction loan contract resulted in gross negligence because appellee distributed the full amount of the loan to Robert Andrews in one payment. In its sixth issue, appellant argues that appellee's improper distribution of loan proceeds would lead to the unjust enrichment of appellee.
 {¶ 27} In the case sub judice, the record does not reveal any listings of disbursement dates and/or amounts. Appellant has failed to place any evidence into the record before this court, or before the trial court, to determine the validity of its arguments. In this sense, appellant's argument regarding unjust enrichment does not apply. See Giles v. Hanning, 11th Dist. No. 2001-P-0073, 2002-Ohio-2817, at ¶ 13. Thus, without any supporting evidence as required by Civ.R. 56(E), the trial court was correct in granting appellee's motion for summary judgment. Therefore, appellant's fourth and sixth issues are without merit.
 {¶ 28} In its fifth issue, appellant stresses that appellee's conduct precludes the equitable remedy of foreclosure. Appellant contends that based upon appellee's duty toward appellant, appellee's conduct of improperly disbursing the loan proceeds to Robert Andrews has resulted in appellant's injury.
 {¶ 29} A senior lienholder has no duty to protect the interests of subordinate lienholders. Leader Mtge. Co. v.Slattery (July 12, 1996), 11th Dist. No. 95-L-146, 1996 Ohio App. LEXIS 3042, at 7, citing Four Seasons Developers, Inc. v.Sec. Fed. S. L. Assn. (1983), 8 Ohio App.3d 300, 301.
 {¶ 30} In this case, pursuant to Slattery and FourSeasons, there is no evidence of any duty owed by appellee to appellant. Appellant's fifth issue is without merit.
 {¶ 31} Based on Mootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate.
 {¶ 32} For the foregoing reasons, appellant's sole assignment of error is not welltaken. The judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] Approved Statewide Title is the same title escrow company that also filed appellee's documents.